UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

QUAA'SHEEM A. CHAMBERS,

                Plaintiff,

v.                                                               Case No. 25-cv-1024-pp

CO M. MILES,

                Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Plaintiff Quaa'sheem A. Chambers, who is incarcerated at the Milwaukee County Jail and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendant violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On July 20, 2025, the court ordered the plaintiff to pay an initial partial filing fee of $27.43. Dkt. No. 5. The court received that fee on August 12, 2025.

1

The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff alleges that on March 28, 2025, while in segregation at the Milwaukee County Jail, his toilet overflowed. Dkt. No. 1 at 2. At about 11:15 p.m., defendant Officer Miles removed the plaintiff from his cell and placed him in a "Teather-Rip belt" while the cleaning crew cleaned his cell. Id. When the cleaning crew had finished, Miles allegedly walked the plaintiff back to his cell and said, "Just go in, I'll have another CO get the belt." Id. The plaintiff says that he initially said "No," but when Miles said that he had to clean another cell and then "clock out," the plaintiff walked into his cell. Id.

The plaintiff allegedly pressed the medical button in his cell at 11:25 p.m., with no response. Id. He says that as he waited for an officer to do a round, he informed another officer that he was in a Rip belt, but that officer ignored him. Id. At 12:25 a.m., the plaintiff allegedly pressed his medical button again but was ignored. Id. at 3. He alleges that at 12:50 a.m., while several staff members responded to a suicide attempt from another incarcerated person, the plaintiff yelled that he needed help, but he was ignored. Id. At 1:05 a.m., the plaintiff allegedly pressed his medical call button

3

again. Id. He states that he became drowsy and laid down to try to go to sleep. Id. The plaintiff says that when he woke up around 6:15 a.m., he pushed his medical button to say he was suicidal, which was a cry for help because he was in pain and feared for his safety. Id.

Sergeant Danzler allegedly removed the plaintiff from his cell. Id. The plaintiff states that Danzler "became very frustrated to the point he punched a door and told [the plaintiff] he was sorry for everything because it wasn't right, and not suppose[d] to happen at all especially because [the plaintiff] urinated on [him]self because [he] wasn't able to use the restroom while handcuffed all night." Id. Due to this incident, the plaintiff allegedly suffered a "reaggravated rib injury" from the straps being very tight around his waist; his fingers were swollen and he had cuts around his left wrist from the handcuffs tearing and removing skin. Id. at 4. He states that medical staff saw him and that he currently is being treated with "Hot & Ice packs" as well as pain medication for his injuries. Id.

For relief, the plaintiff seeks compensatory damages. Id.

C. Analysis

The court assumes that the plaintiff was a pretrial detainee because he was confined at the Milwaukee County Jail during the events described in the complaint. As a pretrial detainee, the Due Process Clause of the Fourteenth Amendment governs the plaintiff's claim. See Miranda v. County of Lake, 900 F.3d 335, 350-51 (7th Cir. 2018). The "Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." Kingsley v. Henderickson, 576 U.S. 389, 396-97 (2015) Under this standard, whether a defendant used excessive force is an objective, not a subjective, determination,

and "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." Id. at 396-97.

The plaintiff alleges that Miles placed him in his cell with RIPP restraints still on and told him that he would have another officer remove the restraints, but an officer did not do so. The plaintiff allegedly remained restrained in his cell overnight, suffered physical injury and pain and urinated on himself. The court will allow the plaintiff to proceed on a Fourteenth Amendment claim against Miles in his individual capacity based on these allegations. See Stainback v. Dixon, 569 F.3d 767, 772 (7th Cir. 2009) ("an officer may not knowingly use handcuffs in a way that will inflict unnecessary pain or injury on an individual who presents little or no risk of flight or threat of injury").

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Under an informal service agreement between Milwaukee County and this court, the court will electronically transmit a copy of the complaint and this order to Milwaukee County for service on defendant CO M. Miles. Under the informal service agreement, the court **ORDERS** defendant Miles to file a responsive pleading to the complaint within sixty (60) days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$322.57** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number.

5

If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to Office of the Sheriff, Fiscal Operations Rm 224, 821 W. State St., Milwaukee, WI 53233.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

6

Case 2:25-cv-01024-PP   Filed 11/19/25   Page 6 of 7   Document 7

is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 19th day of November, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**