QUAA'SHEEM A. CHAMBERS,

        Plaintiff,

        v.                                     Case No. 25-CV-1024

MATTHEW MILES,

        Defendant.

## DECISION AND ORDER

Plaintiff Quaa'sheem A. Chambers, who is representing himself, is proceeding on a Fourteenth Amendment excessive force claim in connection with allegations that Correctional Officer Matthew Miles forgot to remove Plaintiff's restraints before placing him in a cell overnight at the Milwaukee County Jail on March 28, 2025. Dkt. Nos. 1 & 7. On January 20, 2026, Defendant filed a motion to dismiss for failure to state a claim. Dkt. No. 13. Defendant argues that his conduct was *negligence* at most—not purposeful, knowing, or a reckless intent to cause harm—and negligence does not violate the constitution. Dkt. No. 14.

Under the Civil Local Rules, Plaintiff's response materials were due February 10, 2026. *See* Civ. L. R. 7(b) (E.D. Wis.). Plaintiff did not timely respond. The "[f]ailure to comply with the briefing requirements in Civil L. R. 7(a)-(b) may result in sanctions up to and including the Court denying or granting the motion." *See* Civ. L. R. 7(d). Additionally, the Court has independently reviewed the complaint, *see* Dkt. No. 1, and it agrees that the failure to remove Plaintiff's restraints before placing him in a cell overnight was mere negligence. Based on the facts alleged, it appears that Officer Miles intended for another officer to remove Plaintiff's restraints because his shift was ending, and either Officer Miles forgot to relay the message or that

other officer forgot to go back to Plaintiff's cell to remove the restraints. *See* Dkt. No. 1 at 2 (alleging that Officer Miles said, "Just go in, I'll have another CO get the belt [because]… I have to…clock out."). Those allegations amount to negligence; not a purposeful, knowing, or reckless intent to cause harm. *See Kingsley v. Henderickson*, 576 U.S. 389, 396-97 (2015). Given that Officer Miles then "clocked out," he would not have been personally responsible for whoever ignored Plaintiff's medical call button at 11:25 p.m., 12:25 a.m., 12:50 a.m., and 1:05 a.m. to remove the restraints. *See Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of [others]."). The complaint contains no allegations from which the Court can reasonably infer that Officer Miles purposely or knowingly used force against Plaintiff. Plaintiff has therefore failed to state a claim against Officer Miles; and the Court must dismiss this case for failure to state a claim. *See Thomas v. Farley,* 31 F.3d 557, 558–59 (7th Cir. 1994) ("But if a plaintiff does plead particulars [in his complaint], and they show that he has no claim, then he is out of luck—he has pleaded himself out of court."). Moreover, pursuant to Civ. L. R. 56(b)(9), the Court finds that Plaintiff's failure to respond to Defendant's motion is sufficient cause for the Court to grant the motion as a sanction for noncompliance with the briefing requirements of the local rules.

**IT IS THEREFORE ORDERED** that Defendant's motion to dismiss for failure to state a claim (Dkt. No. 13) is **GRANTED**; and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 19th day of February, 2026.

_____
STEPHEN C. DRIES
United States Magistrate Judge

2

Case 2:25-cv-01024-SCD    Filed 02/19/26    Page 2 of 2    Document 16